**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

JILLYN K. SCHULZE
UNITED STATES MAGISTRATE JUDGE

September 20, 2000

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0630
FAX: (301) 344-0629

Albert T. Morris, Esquire
KIRKPATRICK & LOCKHART LLP
1800 Massachusetts Ave NW
Washington DC 20036

Robert L. Ferguson, Jr., Esquire
FERGUSON SCHETELICH &
  HEFFERNAN PA
100 S Charles St
1401 Bank of America Center
Baltimore MD 21201

Mark A. Dombroff, Esquire
Ellen L. Clemente, Esquire
DOMBROFF & GILMORE PC
1025 Thomas Jefferson St NW
Suite 300 West
Washington DC 20007

Patrick G. Cullen, Esquire
ROLLINGS SMALKIN RICHARDS
 & MACKIE
401 N Charles St
Baltimore MD 21201

Harold E. Rambo, Jr., Esquire
PANGIA & HANSEN
1717 M St NW
Washington DC 20036

Leonard C. Redmond, III, Esquire
REDMOND BURGIN & GUTIERREZ
201 N Charles St Suite 1301
Baltimore MD 21201

Re: <u>Maureen Walsh v. Avalon Aviation, Inc., et al.</u>, Civil No. S 00-328

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, a recorded telephone hearing was held on September 20, 2000, at which plaintiff's motions to compel (Papers No. 43 and 45) were resolved. For the reasons stated during the hearing, each motion was granted in part and denied in part as specified below.

The motion to compel the insurance adjuster's files (Paper No. 43) is granted as to items 1, 2, and 8-21, and denied as to items 3-7, as they appear on the privilege log at Exhibit 2 to the motion. The motion to compel documents from certain defendants (Paper No. 45) is resolved as follows: In response to requests 1 and 10 as listed in the motion, defendants will serve a privilege log which need not list documents already produced or documents authored by counsel or received by counsel from a client. In response to requests 2 and 11, defendants will produce airplane rental logs only at this time, without prejudice to plaintiff's right to renew the motion after reviewing those logs. The motion is denied as to requests 4, 5, and 6. The motion is denied as to requests 3, 8, and 12, except that defendants will supplement their disclosure of the identities of all witnesses having knowledge regarding the crash by no later than October 5, 2000.

Due to the recent addition of parties and difficulties scheduling depositions, the parties will circulate a consent motion to modify the scheduling order.



Counsel
September 20, 2000
Page 2

      The settlement conference originally scheduled for September 20, 2000, has been rescheduled for **October 26, 2000 at 10:00 a.m.** and will be held in my chambers (Room 335A). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with <u>complete</u> authority to enter into a binding settlement, be present in person.[1]

      No later than October 18, 2000, I would like to receive from each party a short (3 to 5 pages) letter candidly setting forth the facts you believe you can prove at trial, the legal theories that support your position, the major weaknesses in each side's case, an evaluation of the maximum and minimum damage awards you believe likely, the estimated cost to your client of continuing the case through trial, and the history of any settlement negotiations to date. The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. They will not become part of the court file in the case and will not be seen by the trial judge. In addition, the settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. <u>See</u> 28 U.S.C. § 652(d).

      If you wish me to review any particular documents, please attach a copy to your letter. I also will review the pleadings in the court file.

      Despite the informal nature of this letter, it is an Order of the court and the clerk is directed to docket it as such.

                                               Sincerely,

                                               Jillyn K. Schulze
                                               United States Magistrate Judge

cc: Judge Frederic N. Smalkin

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) which precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client and obtain consent before appearing for the settlement conference.